IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| JOSHUA TANNENBAUM, | No. C 18-6770 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; WARDEN OF PELICAN BAY STATE PRISON; WARDEN OF DEUEL VOCATIONAL INSTITUTE; WATCH COMMANDER AND VARIOUS GUARDS AND PERSONNEL AT PELICAN BAY STATE PRISON; CSR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; THE ORIENTATION AND CLASSIFICATION COMMITTEE AND ALL SUPPORTING STAFF AT THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a former California prisoner, filed this civil rights case under 42 U.S.C. § 1983 against prison officials and the California Department of Corrections and Rehabilitation ("CDCR") for injuries sustained when he was incarcerated at Pelican Bay State Prison ("PBSP") and attacked by another inmate. His application to proceed in forma pauperis is **GRANTED**. For the reasons discussed below, the complaint is dismissed with leave to amend.

# ANALYSIS

## A. STANDARD OF REVIEW

Federal courts must dismiss a case in which the plaintiff proceeds in forma pauperis if at any time the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. LEGAL CLAIMS

According to plaintiff, in 2016, he was incarcerated at the Deuel Vocational Institute ("D.V.I."), where officials on the Classification Committee noted that he had enemy concerns at PBSP and it was not safe for him to be housed there. Nevertheless, officials transferred him to PBSP. At PBSP, he was beaten and stabbed on the prison yard. He sustained severe injuries to

his face, neck, and spinal cord, including broken bones and a stroke, and he is now permanently disabled in a wheelchair with extensive medical needs. He seeks monetary compensation for his injuries.

These allegations implicate his Eighth Amendment rights to be free from cruel and unusual punishment. He has not stated a cognizable claim for relief, however, because he has not yet named any defendants who may be held liable. He names the CDCR itself as a defendant, but the Eleventh Amendment bars damages claims against it. This Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity). Plaintiff names several supervisors, such as the Wardens of PBSP and DVI, and the Director and other supervisory officials at the CDCR. He does not allege any personal acts or omissions by them that caused the violation or plaintiff's rights, and therefore he appears to be relying upon a theory that these defendants are responsible for the actions of their subordinates. Under no circumstances is there respondeat superior liability under Section 1983, i.e. on the theory that a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The remaining defendants are not named but are identified by their position, such as "supporting staff," "various guards and personnel," and the "watch commander." This is not sufficient to identify the individuals responsible for the violations alleged. Plaintiff will be given leave to file an amended complaint in which he identifies these individuals by name, and he will be granted leave to conduct discovery to identify them.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in this order and the civil case number C 18-6770 WHA (PR) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the

3

original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: February __4__, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE